# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2031 | **DATE** | 5/16/2003 |
| **CASE TITLE** | Kenyata T. Smith vs. Aon Consulting | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 7/10/2003 at 10:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: We grant Smith's motion to proceed in forma pauperis (4-1) as to her claim alleging disparate treatment under Title VII, and deny without prejudice her motion for appointment of counsel (5-1). The Clerk of the Court is directed to forward the Summons and Complaint to the U.S. Marshal's Service for service on defendant.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 2 0 2003 | |
| | Notified counsel by telephone. | | date docketed | 6 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/16/2003 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENYATA T. SMITH | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 03 C 2031 |
| | ) |
| AON CONSULTING | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Plaintiff Kenyata Smith's application to proceed *in forma pauperis* ("IFP") and her motion for appointment of counsel in her complaint against Defendant Aon Consulting ("Aon"). For the reasons stated below, Smith's IFP application is granted with respect to her disparate treatment claim against Aon under 42 U.S.C. §2000(e) *et seq.* while her motion for appointment of counsel is denied.

## DISCUSSION

### I. *In Forma Pauperis*

Before granting leave to file *in forma pauperis* under 28 U.S.C. §1915, we must first determine whether or not a plaintiff's allegation of poverty is untrue. After that determination, we must conduct an initial review of the plaintiff's claims and dismiss the action if we find that (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks damages from a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2)(A), (B)(i)-(iii). An affirmative answer to any of these factors requires us to dismiss the action. As to the second factor, failure to state a claim, we apply the criterion found in Rule 12(b)(6) that dismissal is warranted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle



[her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Finally, where, as here, a plaintiff is proceeding *pro se*, we have a special responsibility to construe the complaint liberally. *See Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996). Indeed, it is the "well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration." *Palmer v. City of Decatur*, 814 F.2d 426, 428-29 (7th Cir. 1987) (citations omitted). As a threshold matter, we believe Smith's allegation of poverty to be true. We in turn examine the allegations contained in Smith's complaint.

Smith worked for Aon from April 1999 until August 18, 2002 at which time Aon terminated her employment as a benefits representative due to her purportedly poor work performance. On September 23, 2002, Smith filed a charge of discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC") alleging that she had been subjected to more severe discipline than her male coworkers throughout her employment at Aon. The EEOC sent Smith a right to sue letter on December 20, 2002. Smith filed suit in this Court on March 20, 2003.

In her complaint, Smith claims that Aon discriminated against her because of her national origin, race, and sex in violation of Title VII. In order to bring an action under Title VII, a plaintiff must file a charge with the EEOC within 300 days of the purported discriminatory conduct, and file a civil action within 90 days after receiving a right to sue letter from the EEOC. *See Pack v. Marsh*, 986 F.2d 1155, 1158 (7th Cir. 1983). The administrative remedies available through the EEOC must be exhausted prior to filing a Title VII suit. *See id.* Here, Smith has not provided any evidence that she filed a charge of discrimination with the EEOC alleging that Aon discriminated against her on account of her race or national origin. As a result, Smith's right to sue letter pertains only to her claim of sexual discrimination. Smith's failure to file a charge with the EEOC detailing her allegations of racial and national origin discrimination bar her Title VII claims as to those allegations. *See id.*

At issue in this case is the disparate treatment provision of Title VII, which provides in relevant part:

It shall be an unlawful employment practice for an employer –

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. §2000e-2(a).

A plaintiff may establish a Title VII claim of disparate treatment by presenting either direct or indirect evidence. Smith does not present any direct evidence that she was subjected to more severe discipline on account of her sex. Smith must therefore use the indirect method under which she must show: "(1) that she belongs to a protected category; (2) that she suffered an adverse employment action; (3) that she was meeting her employer's legitimate expectations; and (4) similarly situated individuals . . . were treated more favorably by the employer." *Nanda v. Bd. of Trustees of U. of Illinois*, 303 F.3d 817, 829-30 (7th Cir. 2002). In her complaint, Smith sets forth that Aon fired her on account of her sex despite her allegedly satisfactory work performance. Smith states that Aon team leaders and upper management monitored and provided feedback to other coworkers more frequently. Smith suggests that she was disciplined more severely than a male coworker, Len Billa, for the same quality work

performance. Interpreting Smith's complaint liberally, we conclude that it does state a claim for disparate treatment under Title VII on which relief may be granted.

## II. Appointment of Counsel

With regard to Smith's motion for appointment of counsel, there is a threshold requirement that the indigent make a reasonable effort to secure counsel before presenting a request for appointment. *See Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). According to Smith's motion, she has made no efforts to secure counsel. We therefore deny without prejudice Smith's motion for appointment of counsel so that Smith may correct the omission in her motion.

## CONCLUSION

For the foregoing reasons, we grant Smith's motion to proceed *in forma pauperis* as to her claim alleging disparate treatment under Title VII, and deny without prejudice her motion for appointment of counsel. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 5/16/03